FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02390-BNB

ERNEST SALAZAR,

    Applicant,

v.

H. A. RIOS, JR., Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Ernest Salazar, acting *pro se* filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence in the United States District Court for the Western District of Texas, San Antonio Division (Western District of Texas). On February 18, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Salazar to respond and show cause why the Application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Salazar has failed to respond within the time allowed.

The Court must construe the Application liberally because Mr. Salazar is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Salazar was convicted pursuant to a plea agreement on one count of possession with intent to distribute a controlled substance, which involved in excess of five grams and less than fifty grams of cocaine base, and was sentenced to 108 months of incarceration to run concurrent with the sentence imposed in Case No. 05-cr-02478-001 in the United States District Court for the Southern District of Texas. *See United States v. Salazar*, No. SA-05-CR-651-XR at Doc. No. 50 (W.D. Tex. Apr. 25, 2007). Mr. Salazar filed an appeal of the conviction and sentence, in which a final order of judgment dismissing the appeal was filed on July 18, 2008. *See United States v. Salazar*, No. 07-50579 (5th Cir. July 18, 2008) (unpublished). Mr. Salazar did not file a petition for writ of certiorari review with the United States Supreme Court. Subsequently, on September 17, 2008, the sentencing court entered an order reducing Mr. Salazar's sentence to eighty-seven months pursuant to 18 U.S.C. § 3582(c)(2) in keeping with the U.S. Sentencing Commission reduction of guideline offense levels for cocaine base cases, which was made retroactive to previously sentenced defendants.

On June 28, 2010, Mr. Salazar filed a petition pursuant to 28 U.S.C. § 2241 in the sentencing court raising the same claims he asserts in this action. The claims include: (1) actual innocence of the enhanced crimes because he should have been sentenced based on a one-to-one ratio of crack cocaine to powder cocaine offenses; (2) ineffective assistance of counsel in failing to research the sentencing court's lack of jurisdiction; and (3) the criminal statutes under which he was sentenced were not "enacted into positive law." The sentencing court construed the petition as filed

2

pursuant to 28 U.S.C. § 2255 and directed Mr. Salazar to show cause why the motion should not be dismissed as untimely. *See* No. SA-05-CR-651-XR at Doc. No. 75. Mr. Salazar requested to remove his § 2241 petition to this Court. *Id.* at Doc. No. 76. On August 12, 2010, the sentencing court denied the construed § 2255 as time-barred under 28 U.S.C. § 2255(f). *Id.* at Doc. No. 77. The sentencing court also denied the request to remove the § 2241 petition to this Court because a defendant may not proceed pursuant to § 2241 merely because his § 2255 motion is untimely. *Id.* Mr. Salazar submitted the instant § 2241 action to this Court on September 22, 2010.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, --- F.3d ---, 2011 WL 915178 *2 (10th Cir. Mar. 15, 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw*, 86 F.3d at 166). The narrow reading of the savings clause is well established in the Tenth Circuit. *See Prost v. Anderson*, --- F,3d ---, 2011 WL 590334, at *8 (10th Cir. Feb. 22, 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at *2 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ( The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Mr. Salazar does not assert any of these circumstances. Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F. App'x 300, 303 n. 8 (10th Cir. Jan. 30, 2004) (unpublished) (citing

4

*Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)). The Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 2011 WL 590334, at *12-13. Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief are rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 2011 WL 590334 at *12-13.

Finally, Mr. Salazar bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at *4.

The sentencing court's finding that Mr. Salazar is time-barred from raising his claims in a § 2255 motion, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. The fact that Mr. Salazar has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 2011 WL 590334 at * 7. The Court, therefore, finds that Mr. Salazar fails to demonstrate the remedy available to him pursuant to § 2255 was inadequate or ineffective. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Salazar fails to assert that his remedy in the United States District Court for the Western District of Texas, San Antonio Division, is ineffective and inadequate.

DATED at Denver, Colorado, this 30th day of March, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02390-BNB

Ernest Salazar
Reg No. 55658-179
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 30, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk